**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

DELBERT McNEIL, JR.,            )
                     Plaintiff, )
v.                              )   Case No. CIV-05-429-F
                                )
JOHN CLAY ANDERSON,             )
                    Defendant.  )

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought suit under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights arising out of his arrest on June 2, 2003, by Defendant, John Clay Anderson, an Oklahoma Highway Patrol officer.

Defendant has filed a Motion to Dismiss and Brief in Support [Doc. #19], and Plaintiff has filed a Response to Defendant's Motion to Dismiss [Doc. #21]. Therefore, the matter is at issue. For the reasons set forth below, it is recommended that Plaintiff be granted leave to amend the Complaint to specify that he seeks relief pursuant to section 1983 on the basis of a violation of his Fourth Amendment right to be free from unreasonable seizure of the person. It is further recommended that if Plaintiff does not timely file an amended complaint, Defendant's Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which section 1983 relief may be granted.

**I.    Plaintiff's Claims**

Plaintiff brings claims in this section 1983 case pursuant to the Eighth and Fourteenth Amendments to the United States Constitution contending that Defendant Anderson used

excessive force in making an arrest of Plaintiff following a traffic stop for speeding. According to Plaintiff, he was charged with nine counts including "Possession of CDS, Possession of Paraphernalia, Obstruction, Resisting, Throwing litter on the highway, Speeding, No Driver License, Unsafe lane changing, Possession of Scanner while committing a felony." *See* Statement of Incident That Gives Rise to Civil Rights Violations and Complaint [Doc. #6] at 4. Plaintiff alleges that in the course of making the arrest, Defendant Anderson yelled at him, placed a gun on him, and threatened to kill Plaintiff at least six times. Plaintiff contends he now suffers back pain from injuries Defendant Anderson inflicted upon him and that he is "traumatized with fear" due to Defendant Anderson placing a gun on him and threatening to kill him. Plaintiff seeks punitive and compensatory damages as relief.

## II.     Standard on Motion to Dismiss

In determining whether a complaint should be dismissed for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and views those facts in the light most favorable to the plaintiff as the nonmoving party. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) is proper only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support h[is]

claims." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff is proceeding *pro se*, his pleadings are reviewed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("We hold [ pro se pleadings] to less stringent standards than formal pleadings drafted by lawyers.").

### III.   Analysis

Defendant Anderson raises both procedural and substantive grounds for dismissal of the Complaint. Each of Defendant's grounds for dismissal are addressed separately.

#### A.   Service of Process

Defendant first contends the Complaint should be dismissed because Plaintiff failed to effect service of process within the time period proscribed by Rule 4(m) of the Federal Rules of Civil Procedure.

On November 22, 2005, this Court entered an Order to Plaintiff to Complete Service of Process [Doc. #15]. As fully set forth in that Order, the return of service on file indicated that on July 29, 2005, service of process had been made on Caroll Hall, Administrative Officer, Oklahoma Department of Public Safety, in Oklahoma City, Oklahoma. *See* Process Receipt and Return [Doc. #9]. The Order advised Plaintiff that this return did not constitute proper service on Defendant Anderson. Accordingly, the Order directed Plaintiff to reissue service papers and properly serve Defendant Anderson. At the time the Order was entered, the 120-day period for effecting service of process had already expired. *See* Fed. R. Civ. P. 4(m). The Court, however, allowed Plaintiff a permissive extension of time finding good cause existed to do so.

Because Plaintiff is proceeding *in forma pauperis* in this action, Plaintiff was directed to provide the United States Marshal Service (USMS) with all information known to him that would assist the USMS in locating Defendant Anderson for purposes of effecting service of process. The Order directed the Court Clerk to provide Plaintiff with the necessary service papers and gave Plaintiff 15 days from the date of the Order (or until December 7, 2005) to complete the service papers and return them to the Court Clerk. In addition, the Order provided that Plaintiff was required to serve Defendant Anderson on or before December 23, 2005, or face dismissal of all claims for failure to effect timely service.

The docket in this case shows that the Court Clerk did not provide service papers to Plaintiff on the same date the Order was entered. Rather, the docket reflects the Court Clerk provided Plaintiff with service papers on December 9, 2005. Plaintiff returned the service papers to the Court and the Court Clerk filed the Praecipe for Summons [Doc. #16] on December 19, 2005. Service was then effected on Defendant by the USMS on January 19, 2006, and the Process Receipt and Return [Doc. #17] was filed on January 20, 2006.

Defendant seeks dismissal of this action on the ground that Plaintiff failed to comply with the Court's Order directing that Plaintiff obtain service of process on him on or before December 23, 2005. Defendant does not challenge the sufficiency of the service of process on any other grounds.

The record reflects that the Court Clerk contributed to the delay in obtaining service of process by not providing Plaintiff with service papers until December 9, 2005. Plaintiff returned the service papers within ten days thereafter. The record further reflects the USMS

contributed to the delay. Although the USMS received service papers on December 20, 2005, service was not attempted until January 19, 2006. There is no evidence that any delay in effecting service is attributable to Plaintiff. It is recommended, therefore, that dismissal of the Complaint on grounds that Plaintiff failed to effect timely service pursuant to Fed. R. Civ. P. 4(m) be denied.

### B.   Qualified Immunity

Defendant next contends he is entitled to qualified immunity. Before liability may be imposed on a government official in his or her individual capacity, the plaintiff must demonstrate that a reasonable official would have known that his or her actions violated a clearly established federal right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "When faced with a qualified immunity defense, the plaintiff must establish (1) that the defendant's actions violated a federal constitutional or statutory right; and (2) that the right violated was clearly established at the time of the defendant's actions." *Beedle v. Wilson* 422 F.3d 1059, 1069 (10th Cir. 2005) (internal quotations and citation omitted).

Defendant contends that Plaintiff has "wholly failed" to establish the violation of a clearly established federal right and, therefore, that he is entitled to qualified immunity. As set forth below, Plaintiff has alleged facts sufficient to state a claim of excessive force under the Fourth Amendment's prohibition against unreasonable seizures of the person. However, Plaintiff has sought relief only for alleged violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and therefore has not stated a cognizable section 1983 claim. To the extent Defendant seeks qualified immunity as to

Plaintiff's Eighth and Fourteenth Amendment claims, Defendant is correct that Plaintiff has failed to establish the violation of a federal right. Therefore, Defendant is entitled to qualified immunity and the Court need not further determine whether the right at issue was clearly established.

### C. Eighth and Fourteenth Amendment Claims

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights arising out of a single course of conduct by Defendant Anderson in making the arrest of Plaintiff on June 2, 2003. Defendant seeks dismissal of these claims, contending that neither the Eighth Amendment nor Fourteenth Amendment governs Plaintiff's allegations of excessive force. Defendant is correct. A claim of excessive forced premised on the Eighth Amendment applies only to prisoners. *See, e.g., Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1494 (10th Cir. 1990) ("[C]laims of excessive force against convicted prisoners should be analyzed under the Eighth and not the Fourteenth Amendment."). Plaintiff's claim premised on the Fourteenth Amendment is likewise not actionable because a more specific constitutional provision – the Fourth Amendment's prohibition against unreasonable seizures of the person – provides a means of redress. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). *See also Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243-1244 (10th Cir. 2003) (explaining differences between claims of excessive force pursuant to the Fourth, Eighth and Fourteenth Amendments).

Claims that state actors used excessive force in the course of a seizure are analyzed under the Fourth Amendment's reasonableness standard. *Roska,* 328 F.3d at 1243 (*citing*

*Graham v. Connor*, 490 U.S. at 395). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The Fourth Amendment protects not only the right to be secure from physical harm, but includes protection of other interests such as "'a person's sense of security and individual dignity.'" *Cortez v. McCauley*, 438 F.3d 980, 994 (10th Cir. 2006) (*quoting Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1195 (10th Cir. 2001)).

Here, Plaintiff has made the following allegations in support of his claim:

**<u>NOTICE TO THE COURT:</u>** Plaintiff want to make this Honorable Court aware of the fact that the defendant and the Plaintiff has had problems [created by the Defendant] in the past, and this is an continuation of these problems and an example of how the Defendant treated the Plaintiff.

Plaintiff was pulled over for allegedly speeding on the 2nd day of June, 2003, at around 11:20p.m., and was asked to get out of his pickup truck and step to the back of the truck. The Defendant ordered Plaintiff to get face down in the bar ditch on the side of the highway this was done **AT GUN POINT**. Plaintiff was told/ordered to put his hands behind his head. The Defendant's language was very aggressive and very frightening. The Defendant threatened to kill the Plaintiff on numerous occasions [**on this day** and many times before]. The Defendant started to curse at the Plaintiff and called him derogatory names, he then put his knee in Plaintiff's back, put his Issued Service revolver back into his holster, and then reached into his right lower leg and pulled out another gun . . and at the same time the defendant was saying that **NIGGER** the ambulance is on it's way and **NIGGER YOU'ER GOING TO DIE, NIGGER I'M GOING TO KILL YOU.** The Defendant touched my right hand with the gun and I felt then and there that I was going to die, so summoned up enough nerves to push the defendant off my back and ran for cover in the front of my **truck [never trying to escape from a ticket -- but trying to save my life]** I was in fear for my life and I was scared. The video tape in the Defendant's patrol car was running and at this time the Defendant

7

>ran to his trunk and pulled out **A SHOT GUN** and started pointing it at me ordering me to come from in front of my truck and get back in the ditch. I came from in front of my truck and got back in the ditch **[BEGGING FOR MY LIFE].** The Defendant came to me and put his boot on the back of my neck and put the barrel of the shot gun **AT THE BACK OF MY HEAD. FURTHER DETAILS WILL BE GIVEN IN PLAINTIFF'S 'BRIEF IN SUPPORT':**

*See* Complaint at 2, ¶B, Nature of the Case (emphasis in original).

Accepting these allegations as true, Plaintiff has alleged facts sufficient to support the assertion of a Fourth Amendment claim of excessive force. Plaintiff's Complaint and supplemental filings, however, do not evidence his intent to pursue a Fourth Amendment claim. Nonetheless, in Plaintiff's Response to Defendant's Motion to Dismiss [Doc. #21], Plaintiff refers to his claim as one for "excessive force" by a government official, agrees that the Fourth Amendment's "objective reasonableness standard" would apply, and requests that the Court "allow this Plaintiff to cure any defects there may be in his complaint, if the Court deems there are any." *See* Response at 1. Based on the facts alleged, it would not be futile to allow Plaintiff the opportunity to amend his complaint to allege a Fourth Amendment violation. *Compare Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, (10th Cir. 2006) (district court should have permitted plaintiff to amend complaint where plaintiff had failed to specify that his 42 U.S.C. § 1983 claim incorporated his claim under 42 U.S.C. § 1981). *See also Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) ("[d]ismissal of a pro se complaint . . . is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend") (quotation omitted).

It is recommended, therefore, that Plaintiff's Eighth and Fourteenth Amendment claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. It is further recommended that Plaintiff be granted leave to amend the complaint to specify that he alleges a violation of his rights under the Fourth Amendment as the basis for his 42 U.S.C. § 1983 claim. In making this recommendation, the Court expresses no opinion as to the merits of any section 1983 claim brought by Plaintiff pursuant to the Fourth Amendment.

### D.     *Heck v. Humphrey*

As the final ground for dismissal, Defendant contends Plaintiff's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a section 1983 claim for monetary damages is barred where the claim, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence. Defendant states that on September 30, 2005, in a second trial, Plaintiff was found not guilty of possession of a controlled dangerous substance but was convicted of resisting arrest in the District Court of McClain County, State of Oklahoma, Case No. CF-03-180, and that Plaintiff has failed to demonstrate that this conviction has been invalidated. According to Defendant, if Plaintiff were to prevail on a civil rights claim of excessive force, that would necessarily imply the invalidity of his conviction for resisting arrest. Therefore, Defendant contends Plaintiff's claim for monetary damages is not cognizable in a section 1983 action. *See Reed v. McKune*, 298 F.3d 946, 954-955 (10th Cir. 2002) (dismissing section 1983 claim for monetary damages pursuant to *Heck*).

Under Tenth Circuit precedent, however, a state court's finding that a criminal defendant resisted a lawful arrest is separate and distinct from the issue of whether the officer used excessive force in making the arrest. *Martinez v. City of Albuquerque*, 184 F.3d 1123 (10th Cir. 1999). Therefore, a plaintiff's Fourth Amendment excessive force claim, even if successful, does not necessarily demonstrate the invalidity of the conviction for resisting arrest and is not barred by *Heck*. *Id*. at 1126-1127. The record currently before the Court in this case does not demonstrate that Plaintiff's claim, if successful, would invalidate his conviction for resisting arrest. Accordingly, Defendant's request for dismissal of the Complaint pursuant to *Heck* should be denied.

## RECOMMENDATION

It is recommended that Defendant's Motion to Dismiss and Brief in Support [Doc. #19] be granted and the action dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 unless within 20 days of the date of any Order of the District Court adopting this Recommendation, Plaintiff files an Amended Complaint to cure the deficiencies set forth herein.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by May __31st__, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of


the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __11th__ day of May, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE