## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DELBERT McNEIL, JR.,                )
                                    )
      Plaintiff,                  )
                                    )
vs.                                 )   Case No. CIV-05-0429-F
                                    )
JOHN CLAY ANDERSON,                 )
                                    )
      Defendant.                  )

## <u>ORDER</u>

The Report and Recommendation of Magistrate Judge Valerie K. Couch is before the court.  Magistrate Judge Couch recommends that defendant's motion to dismiss (doc. no. 19) be granted and this action dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, unless, within twenty days of the date of any order by the district court adopting this recommendation, plaintiff files an Amended Complaint to cure the deficiencies identified in the Report.  (Report, p. 10.)  The Report also provides that any objections to the Report must be filed by May 31, 2006, and that failure to make timely objection to the Report waives the right to appellate review of the factual and legal issues addressed in the Report.

Defendant has not filed any objection to the Report and has not requested an extension of time within which to object to the Report.

Plaintiff also has not objected to the Report.  Plaintiff has, instead, filed a document entitled "Plaintiff's First Amended Complaint to Cure Deficiencies." (Doc. no. 26.)  It appears that plaintiff intends doc. no. 26 to serve as his amended complaint

specifying that his § 1983 claims, as further delineated in his original complaint, are now based on alleged violations of the Fourth Amendment of the U.S. Constitution.

Plaintiff appears *pro se*, and his pleadings are liberally construed.  Therefore, although an amended complaint usually renders any prior complaint a nullity, the court finds that, in the unique circumstances of this action (which include the fact that the original complaint is alleged in detail on a pre-printed form and that plaintiff is *pro se*), no purpose would be served by requiring a formal restatement of all claims in yet another pleading.  Accordingly, as requested by plaintiff in his latest filing, the court deems plaintiff's claims to consist of his allegations as set out in his original complaint but modified to specify that plaintiff's § 1983 claims now allege a violation of the Fourth Amendment to the U.S. Constitution.

After review of all issues covered in the Report and Recommendation, and there being no objection to the Report, and finding that no further analysis would serve any purpose here, Magistrate Judge Couch's Report and Recommendation is hereby **ACCEPTED**, **ADOPTED**, and **AFFIRMED**.  Defendant's motion to dismiss is **GRANTED** with respect to plaintiff's claims brought under the Eighth and Fourteenth Amendments to the U.S. Constitution.   Rule 12(b)(6), Fed. R. Civ. P.   As recommended by the Magistrate Judge, the court grants leave to amend the complaint for the purpose of specifying that plaintiff's § 1983 claims allege a violation of plaintiff's rights under the Fourth Amendment.  However, as plaintiff has already filed a document entitled "Plaintiff's First Amended Complaint to Cure Deficiencies," the court finds and concludes that any further motion or pleading regarding this issue would be a mere formality and is unnecessary.  Accordingly, plaintiff's Amended Complaint (doc. no. 26) is hereby **DEEMED** to incorporate by reference all matters alleged in plaintiff's original complaint (doc. no. 1); to this extent, the original complaint is not a nullity.

This action is referred back to the Magistrate Judge for additional proceedings consistent with the original referral and with this Order.

Dated this 6th day of June, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0429p002.wpd